Slip Op. 16-58

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NEO SOLAR POWER CORPORATION,**<br><br>    Plaintiff,<br><br>  v.<br><br>**UNITED STATES,**<br><br>    Defendant. | **Before: Jane A. Restani, Judge**<br><br>**Court No. 16-00088** |

## OPINION

[Motion to enjoin liquidation of entries pending challenges to antidumping duty administrative review granted.]

Dated: June 9, 2016

  Neil B. Mooney, The Mooney Law Firm, LLC, of Tallahassee, FL, for plaintiff.

  Agatha Koprowski, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.

  Restani, Judge:  This matter is before the court on plaintiff Neo Solar Power Corporation's ("Neo") motion for a preliminary injunction of liquidation of entries imported or exported by Neo into the United States.  The court has jurisdiction pursuant to 28 U.S.C. § 1581(i).  The injunction is granted.[1]

---

[1] The court issued a temporary restraining order ("TRO") with respect to entries that were either exported to or imported into the United States by Neo between July 31, 2014 and January 31, 206, effective 5:11PM May 26, 2016.  Temporary Restraining Order, ECF No. 13.  After a hearing, the court extended the TRO until 5:00PM June 10, 2016.  Order, ECF No. 14.

## BACKGROUND

Neo is a producer and exporter of certain crystalline silicon photovoltaic ("CSPV") products from Taiwan. Decl. of Henry Chen in Supp. of Mot. for Prelim. Inj. ¶ 4, ECF No. 6 ("Chen Decl."). Such merchandise is subject to an antidumping ("AD") duty order. See Certain Crystalline Silicon Photovoltaic Products From Taiwan: Antidumping Duty Order, 80 Fed. Reg. 8596, 8596 (Dep't Commerce Feb. 18, 2015). At issue here are liquidation instructions relating to an administrative review of that order covering entries from July 31, 2014 through January 31, 2016. See Liquidation Instructions Message No. 6117311, ECF No. 5-4 ("Liquidation Instructions").

The liquidation instructions at issue instruct the United States Customs and Border Protection ("Customs") to liquidate all entries of certain CSPV products from Taiwan for firms not specifically listed in the instructions. Liquidation Instructions ¶ 2. The instructions also indicate that Customs is to "assess antidumping duties on merchandise entered, or withdrawn from warehouse, for consumption at the cash deposit or bonding rate in effect on the date of entry." Id. Neo is not listed in the liquidation instructions, and accordingly, its entries will be subject to liquidation unless a preliminary injunction issues.

Neo asserts that it was improperly excluded from the administrative review because the United States Department of Commerce ("Commerce") refused to accept Neo's request to be included. Compl. ¶ 1, ECF No. 4. Neo further asserts that a preliminary injunction is required to prevent its entries from being liquidated pending the duration of this case, effectively mooting its challenge. The government opposes the motion arguing that Neo is not likely to succeed on the merits of its claim.

## **DISCUSSION**

A preliminary injunction is "extraordinary relief," which may be awarded when the movant establishes: "(1) that it will be immediately and irreparably injured; (2) that there is a likelihood of success on the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the [movant]." Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983); see FMC Corp. v. United States, 3 F.3d 424, 427 (Fed. Cir. 1993). No one factor is dispositive and the court typically applies a "sliding scale" approach to this determination, whereby the "weakness of the showing on one factor may be overborne by the strength of the others. See Ugine & ALZ Belg. v. United States, 452 F.3d 1289, 1292 (Fed. Cir. 2006) (quoting FMC, 3 F.3d at 427). The court will discuss each factor in turn.

First, there is a strong possibility that liquidation will foreclose plaintiff's remedies resulting in irreparable harm. Once entries are liquidated, the court's ability to compel changes to AD duties is lost and effective judicial review is foreclosed. See Zenith, 710 F.2d at 810 (explaining that once liquidation occurs, a subsequent court decision on the merits can have no effect on the AD duties assessed on the liquidated entries, even if the duties ultimately are determined to be erroneous). The preservation of remedies is to be favored. Suspension of liquidation is thus necessary to ensure effective judicial review of agency action as a party challenging its exclusion from an administrative review is deprived of its right to judicial review of such challenge if its entries are liquidated. See id.; Wind Tower Trade Coal. v. United States, 741 F.3d 89, 95 (Fed. Cir. 2014) (indicating that in AD duty proceedings preliminary injunctions are particularly important and routinely granted because of the "cruciality of unliquidated entries

for judicial review" (quoting Wind Tower Trade Coal. v. United States, 904 F. Supp. 2d 1349, 1352 (CIT 2013))).  Absent the preliminary injunction, Neo will be left without recourse, and as stated in Zenith, "the consequences of liquidation . . . constitute irreparable injury."  710 F.2d at 810.  Thus, Neo has satisfied the requirement to show irreparable harm and as this factor is traditionally given the greatest weight, it weighs heavily in favor of granting the preliminary injunction.  See Corus Grp. PLC v. Bush, 26 CIT 937, 942, 217 F. Supp. 2d 1347, 1354 (2002) (collecting cases).

Second, there is a substantial question to be decided.  When, as here, the irreparable harm factor strongly favors the movant, the burden of showing likelihood of success on the merits is lessened.  Qingdao Taifa Grp. Co. v. United States, 581 F.3d 1375, 1381–82 (Fed. Cir. 2009); Ugine, 452 F.3d at 1292–93.  In such circumstances, it is "sufficient that the movant has raised serious substantial, difficult and doubtful questions that are the proper subject of litigation," NMB Singapore Ltd. v. United States, 24 CIT 1239, 1245, 120 F. Supp. 2d 1135, 1140 (2000) (internal quotation marks omitted), or that the movant "has at least a fair chance of success on the merits," Wind Tower Trade Coal., 741 F.3d at 96 (quoting Taifa, 581 F.3d at 1381); see also Ugine, 452 F.3d at 1294–95 (granting injunction when the merits of the case were not "clear-cut").  There is enough of a colorable claim that plaintiff should have its day in court instead of being denied relief because of mootness.  Maintaining the status quo pending full airing of issues is important.  The issue raised by Neo in its complaint is of a type commonly raised and sometimes successfully litigated before the court and Neo has therefore carried its burden of showing a likelihood of success.

Third, "the public interest is served by permitting a full examination of the facts and law." Walgreen Co. v. United States, 34 CIT 1574, 1578 (2010) (citing Am. Signature, Inc. v. Untied States, 598 F.3d 816, 830 (Fed. Cir. 2010). Securing judicial review and ensuring that Commerce properly administers the AD law is in the public interest. See NMB Sing., 24 CIT at 1245, 120 F. Supp. 2d at 1141 ("It is well settled that the public interest is served by ensuring that [Commerce] complies with the law, and interprets and applies the international trade statutes uniformly and fairly." (internal quotation marks and brackets omitted)); Timken Co. v. United States, 6 CIT 76, 82, 569 F. Supp. 65, 71 (1983) ("Short-circuiting [a party's statutory right to judicial review of an agency determination] by allowing the subject matter to escape the reach of a reviewing court cannot be in the public interest."). Granting the injunction thus accords with public policy.

Fourth and finally, the balance of hardships weighs in favor of Neo. Neo has already paid cash deposits on the entries at issue. Chen Decl. ¶ 6. Customs thus will not have to expend any additional time or resources seeking to recover those funds in the event Neo is unsuccessful on the merits. The government argues that Customs will have to expend time and energy to find the affected entries, however, the TRO has been in effect for over ten days, and by now, the parties should have communicated to ease mutual burdens. Additionally, the government notes that given the delay in filing the motion for preliminary injunction, the administrative review at issue has commenced and there may be timing complications if the preliminary injunction is granted. The government has not demonstrated that including Neo in the administrative review

Court No. 16-00088                                                                                                   Page 6

would cause undue delay to the proceedings.[2]  The United States will thus not be deprived of anything if liquidation is enjoined, and Neo will suffer irreparable harm without preliminary relief.  See OKI Elec. Indus. Co. v. United States, 11 CIT 624, 632–33, 669 F. Supp. 480, 486–87 (1987) (granting preliminary injunction based on the sliding scale analysis where the court was not able to determine whether the movant was likely to prevail on the merits, but the irreparable harm, balance of hardships, and public interest all weighed in favor of granting the preliminary injunction).

## CONCLUSION

On balance, the four factors support granting the motion for preliminary injunction. Accordingly, it is granted and the injunction will issue.

                                                                /s/ Jane A. Restani
                                                               Jane A. Restani
                                                                Judge

Dated: June 9, 2016
      New York, New York

---

[2] The government has not indicated that plaintiff would be specifically examined in the review and the most likely outcome would result in Neo being assigned the all-others rate, which would not delay or impede the review.