Slip Op. 16-60

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NEO SOLAR POWER CORPORATION,<br><br>             Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>             Defendant. | Before: Jane A. Restani, Judge<br><br>Court No. 16-00088 |

# OPINION

[Motion to intervene denied.]

Dated: June 17, 2016

Neil B. Mooney, The Mooney Law Firm, LLC, of Tallahassee, FL, for plaintiff.

Agatha Koprowski, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.

Timothy C. Brightbill, Laura El-Sabaawi, Maureen E. Thorson, and Usha Neelakantan, Wiley Rein, LLP, of Washington, DC, for proposed defendant-intervenor.

Restani, Judge:  This matter is before the court on SolarWorld Americas, Inc.'s ("SolarWorld") motion to intervene.  The court has jurisdiction pursuant to 28 U.S.C. § 1581(i).  The motion is denied.

## BACKGROUND

Plaintiff Neo Solar Power Corporation ("Neo"), is a producer and exporter of certain crystalline silicon photovoltaic ("CSPV") products from Taiwan.  Decl. of Henry Chen in Supp.

Court No. 16-00088                                                                                                                    Page 2

of Mot. for Prelim. Inj. ¶ 4, ECF No. 6.  Such merchandise is subject to an antidumping duty order.  See Certain Crystalline Silicon Photovoltaic Products From Taiwan:  Antidumping Duty Order, 80 Fed. Reg. 8596, 8596 (Dep't Commerce Feb. 18, 2015).  The United States Department of Commerce ("Commerce") is currently conducting an administrative review of that order covering the period from July 31, 2014, through January 31, 2016.  Initiation of Antidumping and Countervailing Duty Administrative Reviews, 81 Fed. Reg. 20,324, 20,334 (Dep't Commerce Apr. 7, 2016).  Commerce rejected Neo's request to be included in the review as untimely, Letter Rejecting Req. for Admin. Review, bar code 3447518-01 (Mar. 8, 2016), and, after rejecting its request for reconsideration, Letter Rejecting Req. for Reconsideration, bar code 3451003-01 (Mar. 21, 2016), excluded Neo from the review.  Neo brought the instant action to challenge that exclusion.  SolarWorld seeks permissive intervention arguing that it has a significant interest in the outcome of the case.

## DISCUSSION

In 28 U.S.C. § 1581(i) cases, intervention is left to the sound discretion of the court as stated in United States Court of International Trade ("USCIT") Rule 24(b)[1] and 28 U.S.C.

---

[1] USCIT Rule 24(b) is titled "Permissive Intervention" and reads:

   (1) In General.  On timely motion, the court may permit anyone to intervene who:
      (A) is given a conditional right to intervene by a federal statute; or
      (B) has a claim or defense that shares with the main action a common question of law or fact. . . .
   (3) Delay or Prejudice.  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

§ 2631(j).[2]  See Vivitar Corp. v. United States, 7 CIT 165, 169, 585 F. Supp. 1415, 1419 (1984) (applying USCIT Rule 24(b) and 28 U.S.C. § 2631(j)).  Under USCIT Rule 24(b), the court is to weigh whether there are common questions of law or fact, whether the motion is timely, and whether a party will be unduly delayed or prejudiced by the intervention.  Additionally, to comply with USCIT Rule 24(c)(1), such a motion to intervene is to be accompanied by a pleading indicating what claims or defenses will be raised and pursued by the intervenor.

  As an initial matter SolarWorld has not complied with Rule 24(c)(1) as it failed to file a pleading with its motion to intervene.  Accordingly, although SolarWorld has stated that it will oppose Neo's inclusion in the administrative review, SolarWorld has not indicated specifically what defenses and claims it will raise.  SolarWorld notes only that Commerce's exclusion of Neo from the administrative review complied with Commerce's regulations.  See Mot. to Intervene at 2, ECF No. 20.

  Although the motion to intervene was likely timely, other factors weigh against permitting intervention.  Additional parties always add additional time, effort, and expense.  See Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc., 51 F. Supp. 972, 973 (D. Mass. 1943) ("Even if [the additional parties] have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair.")).  In some cases this may present a potential conflict with USCIT Rule 1's instruction that the USCIT Rules be "construed and administered to secure the

---

[2] 28 U.S.C. § 2631(j) permits intervention by "[a]ny person who would be adversely affected or aggrieved by a decision" of the United States Court of International Trade, and in determining whether to permit intervention, the court is to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Court No. 16-00088                                                                                                                                                 Page 4

just, speedy, and inexpensive determination of every action." What is appropriate expedition and efficiency depends on the particular circumstances. The present case is a simple matter of a nature that should be resolved promptly.[3] It is unwise to add complications here, including additional parties.

      Further, SolarWorld has not indicated that it will make any arguments distinct from those of the government, accordingly, its participation in the case will be duplicative and unnecessary. The defense that SolarWorld purports to raise is that Commerce's decision to exclude Neo from the review complied with Commerce's regulations. Although this defense and that of the government are the same, the defense belongs, in essence, to the government, not SolarWorld. It is the government that has the more basic interest in enforcing its time limits and keeping proceedings administrable. Additionally, other domestic producers could seek to intervene on similar grounds in support of similar tangential interests, which would only cause undue delay and prejudice to the present parties. See Vivitar, 7 CIT at 169, 585 F. Supp. at 1419 ("Because of the potential for a vast number of applications for intervention by persons in the position of [the moving party], permitting intervention does not appear to be in the interest of judicial economy.").

      Finally, SolarWorld will have an adequate opportunity to challenge any adverse outcome of the review in which plaintiff seeks to participate by bringing a case under 28 U.S.C. § 1581(c) to challenge the results of the administrative review. Thus, it is unclear whether SolarWorld

---

[3] To that end, the parties shall confer pursuant to USCIT Rule 16 with the aim of agreeing on an expedited schedule to be submitted to the court no later than June 29, 2016. If agreement cannot be reached, the parties shall conference with the court on June 30, 2016, at 10:30 A.M. EDT.

could be "adversely affected or aggrieved" by the final decision in this case, which will address only whether another party can participate in an administrative review.

## **CONCLUSION**

On balance, the potential for undue delay and prejudice outweigh SolarWorld's purported interest in the outcome of the case. SolarWorld's motion to intervene is denied.

      /s/ Jane A. Restani
      Jane A. Restani
      Judge

Dated: June 17, 2016
     New York, New York