Slip Op. 16-111

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **NEO SOLAR POWER CORPORATION,** | |
| Plaintiff, | **Before: Jane A. Restani, Judge** |
| v. | **Court No. 16-00088** |
| **UNITED STATES,** | |
| Defendant. | |

## OPINION

[Plaintiff's motion for judgment on the agency record in antidumping duty matter denied.]

Dated: December 1, 2016

Neil B. Mooney, The Mooney Law Firm, LLC, of Tallahassee, FL, argued for plaintiff.

Agatha Koprowski, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant. With her on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Scott D. McBride, Assistant Chief Counsel, Office of the Chief Counsel for Trade Enforcement and Compliance, US. Department of Commerce, Washington, DC.

Restani, Judge: This matter is before the court on plaintiff Neo Solar Power Corporation

("NSP")'s motion for judgment on the agency record pursuant to U.S. Court of International

Trade Rule 56.1. Pl.'s Mot. for J. upon the Agency R. Pursuant to Rule 56.1, ECF No. 30. For

the reasons stated below, the motion is denied.

## BACKGROUND

NSP is a producer and exporter of certain crystalline silicon photovoltaic ("CSPV")

products from the Republic of China ("Taiwan"). Decl. of Henry Chen in Supp. of Mot. for

Court No. 16-00088                                                                                    Page 2

Prelim. Inj. ¶ 4, ECF No. 6 ("Chen Decl.").  On February 18, 2015, the U.S. Department of

Commerce ("Commerce") published an antidumping ("AD") duty order covering such

merchandise.  Certain Crystalline Silicon Photovoltaic Products from Taiwan:  Antidumping

Duty Order, 80 Fed. Reg. 8596, 8596 (Dep't Commerce Feb. 18, 2015) ("AD Order").  NSP

asserts that Commerce improperly excluded it from the administrative review of that AD order,

which covered entries from July 31, 2014, through January 31, 2016, because its request for

review was not submitted by February 29, 2016, the last day of the anniversary month of the

order.  Compl. ¶¶ 1, 5, 7–8 ECF No. 4.

      Commerce must review annually the amount of AD duties "if a request for such a review

has been received."  19 U.S.C. § 1675(a)(1) (2012).  Such requests are due during the

anniversary month of Commerce's publication of the AD order.  19 C.F.R. § 351.213(b).  On

February 3, 2016, Commerce published a Notice of Opportunity to Request Administrative

Review for the AD order on CSPV from Taiwan in the Federal Register indicating that requests

for review were due "[n]ot later than the last day of February 2016," which was February 29th.

Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to

Request Administrative Review, 81 Fed. Reg. 5712, 5713 ("Review Req. Notice").  Per

Commerce's regulations, parties are to file their request for review via Commerce's

Antidumping and Countervailing Duty Centralized Electronic Service System ("ACCESS").  19

C.F.R. § 351.303(b)(2)(i); see Review Req. Notice, 81 Fed. Reg. at 5715.

NSP asserts that on February 29, 2016, it was unable to file its review request

electronically because it experienced technical issues with ACCESS.[1]  NSP Req. for Review at

1–2, PD 3 (Mar. 4, 2016) ("Req. for Review").  NSP asserts it then attempted to mail a hardcopy

of its request by expedited DHL courier.  Id. at 2; Chen Decl. ¶ 14.  Because February 29, 2016,

was a national holiday in Taiwan, however, DHL did not pick up the package until March 2,

2016, and did not deliver it until March 3, 2016.  Chen Decl. ¶ 14.  Meanwhile, NSP asserts that,

on March 1, 2016, it asked a Washington, DC law firm to hand-deliver the review request, but

the law firm declined to do so.  Req. for Review at 2.  On March 2, 2016, NSP's counsel in

Florida contacted Brenda E. Waters, listed on Commerce's Review Req. Notice as the

appropriate contact person, to notify Commerce of the situation.  Id.  On March 4, 2016, NSP

successfully resubmitted its request for review via ACCESS.  Id. at 1; see also NSP Req. for

Recons. at 2, PD 6 (Mar. 11, 2016) ("Req. for Recons.").

On March 8, 2016, Commerce rejected NSP's request to be included in the review as

untimely.  Letter Rejecting Req. for Review at 1, PD 4 (Mar. 8, 2016).  On March 11, 2016, NSP

filed a request for reconsideration.  Req. for Recons. at 1.  On March 21, 2016, Commerce

rejected NSP's request for reconsideration because it found there were no "extraordinary

circumstance[s]" under 19 C.F.R. § 351.302(c) and no "good cause" under 19 C.F.R.

---

[1] It is unclear whether NSP's technical issues were the fault of NSP or Commerce.  NSP argues that Commerce is to blame, and alleges that NSP's counsel in Florida was unable to file documents on ACCESS from March 2–11, 2016, via its Comcast IP.  See Email(s) 1–2, ECF No. 31-4 ("Email(s)") (stating on March 9th that "[Commerce] ha[s] been informed that Comcast users are not able to get connected to ACCESS, . . . .").  This fact, however, does not necessarily mean that Commerce caused NSP's counsel in Taiwan to be unable to file an extension request electronically on February 29th as NSP was able to file on March 4th.  Regardless, as discussed below, who was to blame for the technical issue is irrelevant.

§ 351.302(b).  See Letter Rejecting Req. for Recons., PD 7 (Mar. 21, 2016) ("Req. for Recons.

Rejection").  On April 7, 2016, Commerce published a notice of initiation of an administrative

review for CSPV from Taiwan that excluded NSP from the review.  See Initiation of

Antidumping and Countervailing Duty Administrative Reviews, 81 Fed. Reg. 20,324, 20,334

(Dep't Commerce Apr. 7, 2016).

        NSP argues that Commerce unreasonably denied its extension request for a variety of

reasons.  Br. in Supp. of Pl.'s Rule 56.1 Mot. for J. upon the Agency R. 7–14, ECF No. 30-1

("NSP Br.").  The government relies on exhaustion of administrative remedies defense and also

defends the decision on the merits.  Def.'s Resp. in Opp'n to Pl.'s Rule 56.1 Mot. for J. upon the

Agency R. 7–28, ECF No. 36 ("Gov't Br.").

**JURISDICTION AND STANDARD OF REVIEW**

        The court has jurisdiction pursuant to 28 U.S.C. § 1581(i) (2012).  The court will hold

unlawful an action by Commerce if it is "arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law[.]"  5 U.S.C. § 706(2)(A); see 28 U.S.C. § 2640(e)

(directing the court to evaluate 28 U.S.C. § 1581(i) cases under the standards set forth in the

Administrative Procedure Act).  Moreover, Commerce abuses its discretion if its "decision (1) is

clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; . . . or

(4) follows from a record that contains no evidence on which [Commerce] could rationally base

its decision."  Sterling Fed. Sys., Inc. v. Goldin, 16 F.3d 1177, 1182 (Fed. Cir. 1994) (quoting

Gerritsen v. Shirai, 979 F.2d 1524, 1529 (Fed. Cir. 1992)).

## DISCUSSION

### I.      Administrative Remedies Were Exhausted

The government contends the court should not consider NSP's arguments regarding

"extraordinary circumstance[s]" because NSP failed to raise the issue before Commerce.  Gov't

Br. at 12–13.  NSP responds that "[a]lthough the magic word 'extraordinary circumstances' was

not used in the [March 11th] letter, NSP did present the essential elements for what it claimed to

be extraordinary circumstances:  the day of attempted filing was a Taiwanese holiday and the

ACCESS website [sic] not accessible to NSP."  Pl.'s Reply to Def.'s Resp. in Opp'n to Pl.'s

Mot. for J. upon the Agency R. 9–10, ECF No. 38 ("NSP Reply Br.").

The court generally requires the exhaustion of administrative remedies.  28 U.S.C.

§ 2637(d); see Carpenter Tech. Corp. v. United States, 30 CIT 1595, 1598, 464 F. Supp. 2d 1347,

1349 (2006) (requiring administrative exhaustion prevents the court from "having to sort through

post hoc rationalizations of agency counsel").  NSP did not fail to exhaust, however, the issue of

whether "extraordinary circumstance[s]" prevented it from timely filing an extension request.

Although NSP did not use the exact words "extraordinary circumstance" in explaining why it

failed to timely make a review request, NSP provided its reasons for the failure to Commerce—

technical issues with ACCESS and a holiday in Taiwan on February 29th.  Req. for Review at 1–

2.  Even though NSP connected these claims of mitigating circumstances to its failure to timely

submit a review request, rather than an extension request, Commerce understood that NSP

intended these arguments to apply to both.  See Req. for Recons. Rejection at 2 ("[W]e find that:

(1) there were no extraordinary circumstances that prevented [NSP] or its representatives from

filing a timely request for an administrative review or an extension request as required by 19

C.F.R. § 351.302(c)[.]" (emphasis added)).  Because NSP raised the "extraordinary

circumstance[s]" issue, NSP did not fail to exhaust its administrative remedies.

**II.     Commerce Properly Denied the Request for Extension of Time to File the Review
          Request**

NSP argues Commerce abused its discretion by finding that NSP failed to comply with

19 C.F.R. § 351.303(b)(2)(ii)(C)'s requirement of "promptly" notifying Commerce about

technical issues and "suggest[ing] alternative forms in which to submit the information" because

NSP contacted Commerce on March 2nd and filed by paper on March 3rd.  See NSP Br. at 13.

NSP also contends that Commerce abused its discretion by failing to find that "extraordinary

circumstances" existed in "[t]he combination of the day of attempted filing being a Taiwanese

holiday, the ACCESS website not being accessible to the NSP and the lack of instruction in the

[Review Request Notice] regarding technical difficulty."  Id. at 14.  NSP further argues that

Commerce unreasonably concluded that "good cause" did not exist under 19 U.S.C.

§ 351.302(b) to accept NSP's untimely review request.  See id. at 10–12.  NSP also submits that

Commerce's decision not to accept NSP's late review request is an abuse of discretion because

the interests of accuracy and fairness outweigh any burden on Commerce or finality concerns.

Id. at 7–10.

The government responds that Commerce reasonably determined that NSP did not

"promptly" notify Commerce of technical issues, and did not "suggest alternative forms" of

filing as required by its regulation.  Gov't Br. at 9, 17, 21–22.  The government also contends

that Commerce reasonably determined that no "extraordinary circumstance[s]" prevented

plaintiff from timely filing an extension request.  Id. at 10–12, 13–21.  Lastly, the government

argues that even if "extraordinary circumstance[s]" existed, there was no "good cause" to grant

NSP's extension request.  Id. at 21–24.

Commerce may extend certain time limits "for good cause," including time limits for

requesting review.  See 19 C.F.R. §§ 351.302(b), 351.213(b).  Commerce may extend a time

limit for "good cause" on its own.  Id. § 351.302(b).[2]  Otherwise, a party must request an

extension of time "[b]efore the applicable time limit," at which point Commerce determines if

"good cause" exists to extend the time limit.  Id. § 351.302(b), (c); see Tri Union Frozen Prods.,

Inc. v. United States, 163 F. Supp. 3d 1255, 1293 (CIT 2016) ("Commerce cannot be expected to

extend its deadline . . . without a request from [the filer].").

Extension requests must be filed electronically in accordance with 19 C.F.R. § 351.303.

19 C.F.R. § 351.302(c).  Under 19 C.F.R. § 351.303(b)(2)(ii)(C), if a party cannot comply with

the electronic filing requirement, the party must "promptly" notify Commerce of the reasons the

party cannot comply, and "suggest alternative forms" to file.

If a party's extension request is untimely, Commerce considers the extension request for

"good cause" only if an "extraordinary circumstance" exists.  19 C.F.R. § 351.302(c)(1);

Maverick Tube Corp. v. United States, 107 F. Supp. 3d 1318, 1330 (CIT 2015).  "An

extraordinary circumstance is an unexpected event that:  (i) [c]ould not have been prevented if

reasonable measures had been taken, and (ii) [p]recludes a party or its representative from timely

filing an extension request through all reasonable means."  19 C.F.R. § 351.302(c)(2).

"Commerce has broad discretion to establish its own rules governing administrative

procedures, including the establishment and enforcement of time limits."  Yantai Timken Co. v.

---

[2] NSP does not argue that Commerce acted unreasonably in failing to sua sponte find "good
cause."  See NSP Reply Br. at 13, 18.  Thus, the court does not address this possibility.

United States, 31 CIT 1741, 1755, 521 F. Supp. 2d 1356, 1370 (2007); see also Am. Farm Lines

v. Black Ball Freight Serv., 397 U.S. 532, 539 (1970) ("[i]t is always within the discretion of . . .

an administrative agency to relax or modify its procedural rules adopted for the orderly

transaction of business before it when in a given case the ends of justice require it.").   "Strict

enforcement of time limits and other requirements is neither arbitrary nor an abuse of discretion

when Commerce provides a reasoned explanation for its decision."  Maverick Tube Corp., 107 F.

Supp. at 1331.

      First, NSP's technical issues, by themselves, were not an "extraordinary circumstance."

NSP could have ameliorated harm caused by technical problems by taking "reasonable

measures."  See 19 C.F.R. § 351.302(c)(2)(i).  For instance, NSP could have contacted the

ACCESS Help Desk before the deadline expired to receive assistance with a response to the

technical problem.  Before Commerce, and here in arguing for good cause, NSP argues that in-

house counsel did not contact the Help Desk because it would have required NSP's Taiwan in-

house counsel to work at midnight.  NSP Br. at 11–12.  Although there is a time difference

between Taiwan and Washington, DC, contacting the Help Desk would have been a "reasonable

measure."  Because the Help Desk opened at 8:30 am in Washington, DC, NSP Br. at 11, NSP's

in-house counsel could have called at 9:30 pm local time, a reasonable time, especially given the

millions of dollars NSP says may be at stake, id. at 9.[3]

      NSP also relies on Commerce's statements accompanying the adoption of 19 C.F.R.

§ 351.302 to argue that NSP's technical issues constituted an "extraordinary circumstance."  See

---

[3] The court takes judicial notice of the fact that Taiwan and Washington, DC are thirteen hours
apart.  See 28 U.S.C. § 2641(a) ("[T]he Federal Rules of Evidence shall apply to all civil actions
in the Court of International Trade."); Fed. R. Evid. 201 (providing for judicial notice).

Extension of Time Limits, 78 Fed. Reg. 57,790, 57,793 (Dep't Commerce Sep. 20, 2013).

According to Commerce, "a technical failure of . . . ACCESS generally is not an extraordinary

circumstance. . . . However, in certain, limited situations, [Commerce] may find that a technical

failure of . . . ACCESS is an extraordinary circumstance if, for instance, the party and its

representative are located outside of the DC metropolitan area and . . . ACCESS is continuously

unavailable before the submission is due."  Id.  NSP's Taiwan in-house counsel was outside of

the Washington, DC metropolitan area and experiencing a technical issue—possibly an internal

problem, but possibly a "technical failure of ACCESS" attributable to Commerce.  See Email(s)

1–2.  Even if NSP's technical issue were a "technical failure of ACCESS," however, the

exception likely does not apply here because NSP claims only that ACCESS was unavailable at

some point on February 29th, not that it was "continuously unavailable."  The court declines

NSP's invitation to assume, without evidentiary basis, that the "continuously unavailable"

element was satisfied.  Even if it were, NSP failed to comply with the requirements of 19 C.F.R.

§ 351.303(b)(2)(ii)(C), which require a party who cannot comply with the electronic filing

requirement to "promptly" notify Commerce why and "suggest alternative forms" to file.  NSP

waited two days to contact Commerce, and did not timely file in an alternative form.  Letter

Rejecting Req. for Review at 1.

        Second, that February 29th was a national holiday in Taiwan was not an "extraordinary

circumstance" because it was not an "unexpected event," as required by 19 C.F.R.

§ 351.302(c)(2), given that NSP is a Taiwanese corporation, with counsel located in Taiwan.

Req. for Review at 5; Chen Decl. ¶ 3.  It was not reasonable to wait until a known national

holiday to attempt to make submissions and assume all would go smoothly on such a day, and if

not, that manual filing would be approved and feasible.

Third, "the lack of instruction in the [Review Request Notice] regarding technical

difficulty" was not an "extraordinary circumstance."  See NSP Br. at 14.  NSP did not make this

argument before Commerce, thus, even if it were an "extraordinary circumstance," the court

would not set aside Commerce's determination on this basis.  See Unemployment Comp.

Comm'n of Territory of Alaska v. Aragan, 329 U.S. 143, 155 (1946) ("A reviewing court usurps

the agency's function when it sets aside the administrative determination upon a ground not

theretofore presented . . . .").  Regardless, any "lack of instruction" is not an "extraordinary

circumstance" because NSP could have prevented it by the "reasonable measure" of researching

and reading the applicable regulations.  See United States v. Int'l Minerals & Chem. Corp., 402

U.S. 558, 563 (1971) ("The principle that ignorance of the law is no defense applies whether the

law be a statute or a duly promulgated and published regulation."); Review Req. Notice, 81 Fed.

Reg. at 5715 ("All requests must be filed electronically in Enforcement and Compliance's

[ACCESS] on Enforcement and Compliance's ACCESS Web site at http://access.trade.gov.").

Thus, Commerce reasonably concluded that no "extraordinary circumstance" justified NSP's

untimely filing of an extension request, and Commerce was not required to determine whether

"good cause" existed for this failure.  Commerce, however, acted reasonably in finding that

"good cause" did not exist.  NSP's arguments for "good cause" are repetitive of NSP's

arguments for "extraordinary circumstances."  See NSP Br. at 10–13.  For the reasons already

stated, these arguments are unavailing.

Finally, the court has considered NSP's argument that, even if "extraordinary circumstance[s]" and "good cause" did not exist, Commerce abused its discretion in not accepting NSP's untimely review request because the interests of accuracy and fairness outweigh both the burden on Commerce and finality concerns.  NSP Reply Br. at 18–20.  A request for review is not a complicated filing.  It requires no detailed facts and may be made anytime during the anniversary month.  Further, there was no call to Commerce on the due day or the next day, work days in the United States.  This does not resemble Artisan Manufacturing Corp. v. United States, 978 F. Supp. 2d 1334, 1345–47 (CIT 2014), where a filing was made in time for the beginning of the next work day after the due date.  Also, plaintiff does not allege that Commerce enforces these rules differently at different times.  Apparently, Commerce is very strict and seldom, if ever, allows late requests for review, especially after a late extension request.[4] Commerce does not allege any prejudice specific to this case, but it does allege the general prejudice stemming from late filings because of the strict statutory deadlines governing its determinations.  The prejudice to plaintiff may end up being great[5] as in Artisan Manufacturing Corp., but plaintiff made not one slip-up but at least three errors, failure to plan for contingencies, failure to call for help on February 29th, and failure to call on March 1st.  See 978 F. Supp. 2d at 1347.  Given the facts of this case and Commerce's need to timely begin the process of respondent selection without waiting for late review requests, the claim of abuse of

---

[4] What Commerce would have done in this case if plaintiff had contacted it in a timely manner to seek an extension is unknown, as plaintiff forewent such a means of potential relief.

[5] Counsel speculates that NSP might have been a mandatory respondent, which Commerce would actually examine, but this is all the more reason to be diligent about a timely request.

discretion fails.  Commerce, therefore, reasonably declined to grant NSP's extension request and

reasonably refused to accept NSP's review request.

## CONCLUSION

For the foregoing reasons, the court denies NSP's motion for judgment on the agency

record.  Judgment will enter accordingly.


Dated: December 1, 2016                                          /s/ Jane A. Restani
     New York, New York                                       Jane A. Restani
                                          Judge